IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-32-BO

| | |
|---|---|
| PROMETHEUS GROUP ENTERPRISES, LLC, ) ) ) Plaintiff, ) ) v. ) ) VIZIYA CORP., GLOBAL PTM, INC. and ) TERRY OWENS, ) ) Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's request for temporary restraining order (TRO). For the reasons discussed below, plaintiff's request is denied.

## BACKGROUND

Plaintiff alleges the following facts in support of its complaint and request for TRO and preliminary injunction:

Plaintiff is a technology company engaged worldwide in the business of developing, manufacturing, and marketing enterprise application software. Specifically, plaintiff specializes in improving the usability and user adoption of SAP's plant maintenance module. Plaintiff hired defendant Owens in September 2012 and, prior to his resignation in December 2013, Owens served as the company's Director of Sales for North America and Europe. When he was hired, Owens entered into an agreement that requires him to refrain from disclosing and using plaintiff's proprietary information except in connection with his duties while working for plaintiff. Owens also agreed to refrain from working for a restricted business within a restricted

territory for one year following his departure from plaintiff and to refrain from directly or indirectly soliciting customers to whom plaintiff sold any product or for whom plaintiff performed any services for two years following his departure (non-compete and non-solicitation agreements). A restricted business is defined by the agreement to include, among other things, any business related to providing services related to manufacturing, selling, or distributing software applications related to SAP enterprise software installments.

Plaintiff alleges that between November 2013 and January 2014, Owens and several other employees resigned en-masse in order to work for defendant Viziya Corp. or its subsidiaries. Plaintiff alleges that Viziya is a direct competitor that also provides enterprise asset management software to companies. Plaintiff alleges that, in addition to violating his non-compete and non-solicitation agreements, Owens has misappropriated highly sensitive proprietary information, including reports summarizing global sales activity and 2013 license sales as well as a pipeline report detailing all pertinent data for every business opportunity that plaintiff is pursuing, by forwarding them to his personal email account prior to his departure. Plaintiff contends that Owens has or will inevitably disclose or use on behalf of Viziya plaintiff's confidential and proprietary information.

## DISCUSSION

Whether considering a request for temporary restraining order or a motion for preliminary injunction, a movant must establish each of four elements before such relief may issue: 1) he is likely to succeed on the merits, 2) he is likely to suffer irreparable harm in the absence of preliminary relief, 3) the balance of equities tips in his favor, and 4) an injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 20 (2008). A temporary restraining order is a similar remedy to a preliminary injunction. The difference is

2

Case 5:14-cv-00032-BO   Document 8   Filed 01/27/14   Page 2 of 4

that "a preliminary injunction preserves the status quo pending a final trial on the merits, [while] a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal practice and Procedure* § 2951 (2d ed.).

Plaintiff has failed to demonstrate the need for immediate relief to preserve the status quo at this time and on this record. While plaintiff alleges that Owens and other former employees, who are not named as defendants in this matter, have sent "proprietary" information to their personal email accounts, plaintiff contends only that, based its belief that Owens has breached his non-competition and non-solicitation agreements, "Owens has and will inevitably continue to disclose to Viziya Companies certain confidential and proprietary information." Ives Decl. ¶ 66. Plaintiff has proffered no evidence that would tend to show that any confidential information has in fact been disclosed to Viziya nor has plaintiff established that the harm caused by such disclosure would be irreparable. The record now before the Court simply does not demonstrate that this is one of the "limited circumstances which demands" the grant of such extraordinary interim relief. *Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir. 1999).

Because plaintiff has not demonstrated that it will suffer irreparable harm at this time, the Court need not consider the other factors and denies plaintiff's request for temporary restraining order. Plaintiff's claim for preliminary injunctive relief can be adequately considered at a hearing on its motion for preliminary injunction and at that time, if necessary, adequate protections can be fashioned.

3

## CONCLUSION

Plaintiff's request for temporary restraining order is DENIED. A hearing will be held on plaintiff's motion for preliminary injunction during the Court's __February__, 2014, term.

SO ORDERED, this __07__ day of January, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE